CHICLE INVESTMENTS, LLC, as Tax Matters Partner for 10307 Detroit Avenue Limited Partnership, Plaintiff,

v.

UNITED STATES of America, Defendant.

Case No. 1:11 CV 01810.

United States District Court, N.D. Ohio, Eastern Division.

April 4, 2013.

Jeffrey H. Paravano, Stuart J. Bassin, Baker & Hostetler, Washington, DC, Jeffry J. Erney, Michael J. Montgomery, John D. Parker, Baker & Hostetler, Cleveland, OH, for Plaintiff.

Edward J. Murphy, U.S. Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE 41(a)(2)

LESLEY WELLS, District Judge.

This matter comes before the Court on plaintiff Chicle Investments, LLC's motion for voluntary dismissal pursuant to Federal Rule 41(a)(2). (Doc. 19). The defendant United States of America has filed a conditional opposition, and the plaintiff has replied. (Docs. 20, 21). For the reasons that follow, the motion will be granted in part and denied in part.

## I.  Overview

On 26 August 2011, the plaintiff Chicle Investments, LLC ("Chicle") filed a complaint as the tax matters partner of 10307 Detroit Avenue Limited Partnership ("10307 Detroit") against the defendant United States of America. (Doc. 1). The suit challenges the IRS's adjustment of certain partnership items of 10307 Detroit, for the tax year ending 31 December 2003, pursuant to 26 U.S.C. § 6226(a)(2). (Doc. 1). The United States filed a motion for summary judgment on 20 August 2012. (Doc. 13). After three requests for additional time to respond, Chicle was ordered to file a response by 17 December 2012 at 4:45 p.m. (Doc. 14, 15, 16). Instead of responding, Chicle filed the present motion to dismiss pursuant to Federal Rule 41(a)(2), requesting dismissal with prejudice.

The United States conditionally opposes the motion. According to the government, Chicle's proposed dismissal does not comply with two requirements described in § 6226(c) and (h), and the order of dismissal should be modified accordingly. First, the United States maintains that a dismissal of a § 6226 action challenging the adjustment of partnership items constitutes a decision that the notice of final partnership administrative adjustment ("FPAA") is correct and that the Court must enter an order to that effect. Second, the United States argues that under the statute the Court should order Chicle to notify all partners to 10307 Detroit of the dismissal, and the partners should be given an opportunity to object. Chicle contends that the government's proposals should be rejected and the case simply dismissed.

Upon review of the parties' arguments and the applicable law, the Court agrees with the United States that the Court's order of dismissal must contain language

indicating that the FPAA is correct. The Court declines the government's request to include language ordering Chicle to distribute copies of the dismissal order to all partners. Reasons are stated below.

## II. Law and Argument

### A. Whether 26 U.S.C. § 6226(h) Mandates Entry of an Order Stating the FPAA is Correct

The United States maintains that the order of dismissal must contain the following additional language:

> Pursuant to 26 U.S.C. § 6226(h), the IRS Notice of Final Partnership Administrative Adjustment issued to the 10307 Detroit Avenue Limited Partnership ("10307 Detroit") with regard to its federal income tax liability for the year 2003, a copy of which is appended hereto, is correct.

(Doc. 20–1). In support, the government cites § 6226(h), which provides:

> If an action brought under this section is dismissed ... the decision of the court dismissing the action shall be considered as its decision that the [FPAA] is correct, and an appropriate order shall be entered in the records of the court.

26 U.S.C. § 6226(h).

Essentially, the government maintains that under the statute Chicle's voluntary dismissal is the functional equivalent to a judgment on the merits in its favor, and that the order of dismissal must state as much. Chicle resists this interpretation, and it maintains that the cited statutory language is inapplicable to a court order granting a Rule 41(a)(2) voluntary dismissal with prejudice, because such an order is not a "decision of the court," for the purposes of the statute. Therefore, the question presented is whether a court order granting voluntary dismissal with prejudice, pursuant to Federal Rule 41(a)(2), should be construed as a "decision of the court dismissing the case" under 26 U.S.C. § 6226(h).

Chicle contends that an order granting a Rule 42(a)(2) dismissal is not a "decision of the court" because such an order is "not a 'decision' in any meaningful sense of that term." As a consequence, according to Chicle, § 6226(h) does not apply in this instance. Chicle provides no meaningful support for this argument, and the Court finds it unpersuasive. A plaintiff is entitled to a Rule 41(a)(2) dismissal "only by court order, on terms that the court considers proper." *See* Fed.R.Civ.P. 41(a)(2). The rule clearly calls for a "decision of the court," because the Court must *decide* whether, and on what terms, the dismissal should be granted.

Chicle also argues that § 6226(h) is inapplicable where the dismissal is with prejudice. Because a dismissal with prejudice would have the same effect as the language proposed by the government, Chicle contends, the government's proposed order of dismissal should be rejected. Chicle provides no meaningful support for this argument, and it is rejected. The statute does not distinguish between cases dismissed with prejudice and those dismissed without. Rather, § 6226(h) states that an "order of the court dismissing the action" should be treated as a decision that the FPAA is correct.

Finally, Chicle maintains the statute does not require that the dismissal order expressly state that the FPAA is correct. The Court disagrees. Chicle ignores the requirement of § 6226(h) that "an *appropriate* order shall be entered into records of the court." 26 U.S.C. § 6226(h) (emphasis added). Under the rules of statutory construction, effect must be given, "if possible, to every clause and word of a statute." *United States v. Me-*

*nasche,* 348 U.S. 528, 538–39, 75 S.Ct. 513, 99 L.Ed. 615 (1955). The only reasonable interpretation of the word "appropriate" comes in reference to the words that preceded it. Consequently, it is the Court's view that an "appropriate order" is an order indicating that the notice of adjustments is correct.

Therefore, a voluntary dismissal under Rule 41(a)(2) is a "decision of the court dismissing the case" for purposes of 26 U.S.C. § 6226(h). Furthermore, the statute mandates that the dismissal order state that the dismissal is considered a decision that the FPAA is correct.

### B. Whether All Partners must be given Notice of the Dismissal, pursuant to 26 U.S.C. § 6226(c)

Next, with respect to § 6226(c), the United States maintains that the order of dismissal should include the following additional language:

> Plaintiff must distribute a copy of this Order to all partners of 10307 Detroit. Pursuant to 26 U.S.C. § 6226(c), any partner of 10307 Detroit other than the plaintiff may object to dismissal by moving to vacate this Order within 30 days of its entry and, for good cause shown, this Order may then be vacated and the case reopened.

(Doc. 20–1). Section 6226(c) states:

> If an action is brought under subsection (a) or (b) with respect to a partnership for any partnership taxable year—(1) each person who was a partner in such partnership at any time during such year shall be treated as a party to such action, and (2) the court having jurisdiction of such action shall allow each such person to participate in the action.

26 U.S.C. § 6226 (West).

The United States contends that while the proposed language is not required under the statute, the Court should include it because the purpose of § 6226(c) is to "make the dismissal of the partnership-level action under § 6226 a binding adjudication regarding the merits of the FPAA such that it cannot be later challenged by the individual partners of the partnership on any ground." (Doc. 20, p. 7). The United States argues that this purpose would be furthered if the Court were to order the plaintiff to give notice to all partners.

■■■ The Court declines to include the language proposed by the United States, because it is not apparent that the statute or any other law authorizes this Court to order the plaintiff to take action in the manner proposed. And, in any event, it appears the plaintiff Chicle may already be under an obligation to act as the government proposes. As a tax matters partner, Chicle has a fiduciary duty to the other partners. *See Transpac Drilling Venture v. C.I.R.,* 147 F.3d 221, 225 (2d Cir.1998). Furthermore, pursuant to 26 U.S.C. § 6223(g), "[t]o the extent and in the manner provided by regulations, the tax matters partner of a partnership shall keep each partner informed of all administrative and judicial proceedings for the adjustment at the partnership level of partnership items." 26 U.S.C. § 6223. Although Chicle should comply with its fiduciary and legal obligations as tax matters partner, the government has not made a convincing case that, at present posture, the court may order it to do so.

### III. Conclusion

For the reasons stated, the plaintiff's motion for dismissal pursuant to Federal Rule 41(a)(2) is granted in part and denied in part.

IT IS SO ORDERED.